Filed 11/19/24  P. v. Farfan CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099146 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF20-0008206, 20F8206) |
| v. | |
| DANIEL ANACLETO FARFAN, | |
| Defendant and Appellant. | |

Defendant Daniel Anacleto Farfan appeals from the denial of his petition for pretrial mental health diversion under Penal Code section 1001.36.[1]  He argues the trial court abused its discretion when it found defendant unsuitable for diversion on the basis that he posed an unreasonable risk of danger to public safety.  Because substantial evidence supports the trial court's determination, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

On December 3, 2020, defendant fired multiple shots from an AR-15 style rifle at a neighboring apartment building. Several witnesses took cover or rushed into their homes. After law enforcement surrounded his apartment building, defendant walked out with a handgun and multiple knives in his waistband. The responding officers told defendant he was under arrest and ordered him to the ground. Defendant moved to the ground but refused to obey further orders not to move. Ultimately, officers apprehended defendant. Numerous bullet holes were found in the walls of the neighboring apartments; at least one bullet penetrated into an apartment. No one was injured.

Several days before the incident, defendant sent a sexually explicit text message to his college tutor.

The People charged defendant with four counts of shooting at an inhabited dwelling (§ 246) and four counts of discharging a firearm with gross negligence (§ 246.3). In January 2023, defendant petitioned for pretrial mental health diversion pursuant to section 1001.36. The trial court had denied a prior petition for mental health diversion without prejudice. In support of his 2023 petition, defendant included a letter from his therapist stating that because of his stability with his medications and his regular attendance at program appointments, defendant did not currently pose an unreasonable risk of danger to public safety in the community. In addition, defendant pointed to his de minimis criminal record, his successful treatment, and his high functionality since the shooting. However, at a hearing on the petition, defendant's counsel admitted it was "but for the grace of God" that the shooting did not result in any injury.

The trial court denied the petition, concluding that defendant was not suitable for mental health diversion because he posed an unreasonable risk of danger to public safety if treated in the community. The trial court referenced *People v. Whitmill* (2022) 86 Cal.App.5th 1138 (*Whitmill*), in which the appellate court reversed the denial of a diversion petition after the trial court found the defendant posed an unreasonable risk to

public safety. (*Id*. at p. 1156.) There, the defendant was charged with discharging a firearm with gross negligence after he fired a single shot up into the air. (*Id*. at pp. 1143-1144, 1153.) The defendant then threw the gun away, peacefully complied with the responding officer's orders, and surrendered without incident. (*Id*. at pp. 1143, 1151, 1153.) The appellate court explained that "[h]is compliant nonviolent behavior after negligently firing one shot into the air mitigates any inference that appellant is likely to commit a super-strike offense in the future." (*Id*. at p. 1154.)

In this case, the trial court said the instant shooting was far more serious than the one in *Whitmill*, given that here defendant intentionally fired multiple shots from an assault rifle at an apartment building and could have killed someone. The trial court also noted the prior sexually explicit text message, which it said evidenced a clear communication of sexual intent. The trial court acknowledged that defendant had responded positively to mental health treatment, but it concluded that based on the circumstances of the offense, defendant posed an unreasonable risk of danger to public safety if treated in the community.

Defendant ultimately pleaded no contest to two counts of shooting at an inhabited dwelling. The trial court suspended imposition of sentence and placed defendant on probation for three years. The trial court subsequently granted defendant a certificate of probable cause to challenge the denial of his petition for mental health diversion.

## DISCUSSION

Defendant contends the trial court abused its discretion in finding him unsuitable for diversion because, in defendant's view, there was no substantial evidence he was an unreasonable risk to public safety. We disagree.

Section 1001.36 permits trial courts to grant pretrial diversion if the defendant satisfies the eligibility requirements for diversion and the trial court finds the defendant is suitable for diversion. (§ 1001.36, subd. (a).) A defendant is suitable for diversion if, among other things, the "defendant will not pose an unreasonable risk of danger to public

3

safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (c)(4).) Under section 1170.18, an unreasonable risk of danger to public safety is an unreasonable risk that the petitioner will commit a "super strike," which includes any homicide or attempted homicide offense, any serious or violent felony punishable by life imprisonment or death, and sexually violent offenses. (§§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv).) A trial court may not deny diversion to an otherwise eligible defendant unless it finds the defendant is likely to commit one of these offenses. (*People v. Moine* (2021) 62 Cal.App.5th 440, 450 (*Moine*).) When making this determination, the trial court "may consider the opinions of the district attorney, the defense, or a qualified mental health expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§ 1001.36, subd. (c)(4).)

We review a trial court's ruling on a petition for pretrial mental health diversion for abuse of discretion. (*Whitmill, supra*, 86 Cal.App.5th at p. 1147; *Moine, supra*, 62 Cal.App.5th at pp. 448-449.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence [citation]." (*Moine*, at p. 449.)

In concluding that defendant posed an unreasonable risk to public safety, the trial court did not expressly identify which super strike offense it believed defendant was at risk of committing. But given the trial court's comments, it appears the trial court was concerned defendant would commit a homicide, an attempted homicide, or a sexually violent offense.

Defendant argues that, despite the circumstances of the charged offense, no rational factfinder could conclude he posed an unreasonable risk of committing a homicide given his de minimis criminal record, his successful treatment since the incident, and his therapist's opinion that he did not currently pose an unreasonable risk to

public safety. In support, defendant cites *Whitmill, supra*, 86 Cal.App.5th 1138, and also *Moine, supra*, 62 Cal.App.5th 440. We have already described the circumstances and holding in *Whitmill*. In *Moine*, the defendant got into a fistfight at an urgent care facility and made criminal threats in a separate incident. (*Moine*, at pp. 444-446.) The trial court denied the defendant's petition for mental health diversion, finding that he posed an unreasonable risk of danger to public safety. (*Id*. at p. 449.) The appellate court concluded the trial court erred, in part because of the defendant's lack of violent criminal history and the opinions of medical experts that the defendant posed a low risk of future assault. (*Id*. at pp. 450-452.) The appellate court further explained that "the circumstances of the pending charges did not support . . . an inference" that the defendant would commit a super strike offense. (*Id*. at pp. 450-451.)

*Moine* and *Whitmill* are readily distinguishable from the present case because here, defendant fired multiple shots from an AR-15 style rifle at his neighbors' homes. Though no one was injured, multiple people could have been hurt or killed, as trial counsel readily acknowledged. Although defendant ultimately complied with law enforcement orders to lie on the ground, he initially walked out of his apartment armed with a handgun and multiple knives and failed to stop moving when directed. Given the nature and manner of the charged crimes and the severity of defendant's conduct, we conclude substantial evidence supports the determination that defendant poses an unreasonable risk that he will commit a homicide or attempted homicide. (See *People v. Graham* (2024) 102 Cal.App.5th 787, 799 [" '[T]here is nothing in section 1001.36, with respect to . . . suitability, that precludes a trial court from relying primarily, or even entirely, on the circumstances of the charged offense or offenses in denying a motion for diversion.' "].)

Defendant separately argues that sending a sexually explicit text message is not substantial evidence he was likely to commit a sexually violent offense. It is unclear whether the trial court found that the communication was evidence as such. But to the

5

extent the trial court made such an implicit finding, we agree with defendant that a sexually explicit text message is not, by itself, substantial evidence that a person is likely to commit a sexually violent offense. Regardless, it is the trial court's ruling, not its reasoning, that we review for substantial evidence. (See *In re L.K.* (2011) 199 Cal.App.4th 1438, 1448; *People v. Zapien* (1993) 4 Cal.4th 929, 976.) As explained, there was substantial evidence of an unreasonable risk defendant would commit a homicide or attempted homicide given the circumstances of the charged offenses. The trial court therefore did not abuse its discretion in concluding defendant was unsuitable for diversion.

## DISPOSITION

The judgment is affirmed.


  /s/
MAURO, J.


We concur:


  /s/
HULL, Acting P. J.


  /s/
FEINBERG, J.

6